**SO ORDERED.**

**SIGNED March 17, 2010.**



_____
**STEPHEN V. CALLAWAY
UNITED STATES BANKRUPTCY JUDGE**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 09-11674 |
| HAROLD L. ROSBOTTOM, JR.<br>DEBTOR | CHAPTER 11 |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW SUPPORTING ISSUANCE OF ORDER APPROVING SALE OF MEMBERSHIP INTEREST AT PRIVATE TO SALE FREE AND CLEAR OF LIENS, ENCUMBRANCE AND INTERESTS**

Considering the *AMENDED MOTION FOR ENTRY OF AN ORDER AUTHORIZING SALE OF THE ESTATE'S INTEREST IN PIERREMONT PLAZA, L.L.C. FREE AND CLEAR ALL LIENS AND ENCUMBRANCES* (the "*Second Sale Motion*") filed with the Court on March 15, 2010, the Court issues these Findings of Fact and Conclusions of Law Supporting Issuance of Order Approving Sale of Membership Interest at Prior to Sale Free and Clear of Liens, Encumbrance and Interests ("*Findings and Conclusions*").

-1-

1.

This Court has jurisdiction and authority to hear and determine the Second Sale Motion pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(A) and (N). Venue of this case in this district is proper under 28 U.S.C. § 1409. The statutory predicate for the relief sought herein is Section 363 of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 2002 and 6004.

2.

No notice of the Second Sale Motion was necessary because this Court has previously authorized the debtor in possession to sell the Property (has described below) on the same or evenless favorable terms and conditions as those set forth in the Second Sale Motion upon a previously filed *MOTION FOR ENTRY OF AN ORDER COMPELLING SALE OF THE ESTATE'S INTEREST IN PIERREMONT PLAZA, L.LC. FREE AND CLEAR OF ALL LIENS, CLAIMS, AND ENCUMBRANCES* ("**First Sale Motion**") (Docket Entry #311), which was approved by Order of this Court after notice and opportunity for hearing (see Docket Entry #612) (the "**First Sale Order**").

3.

Upon the Second Sale Motion the Court finds that the debtor in possession did not take steps necessary to close the sale upon the First Sale Order.

4.

The Trustee has determined to close the sale in accordance with an Order approving the Second Sale Motion, effectively being substituted for the debtor in possession for purposes of the Second Sale Motion and Order submitted in connection therewith the ("**Second Sale Order**").

5.

For the same reasons the Court issued the First Sale Order the Court approves the Second Sale Motion as being in the best interests of the creditors and the estate.

6.

The debtors spouse in community has consented to the sale made subject of the Second Sale Motion, has waived her right of first refusal under section 363(k), and has approved the form of the Second Sale Order.

7.

Gerald H. Schiff (the "*Trustee*") shall be and is hereby authorized to sell to NICHOLAS J. ROPPOLO ("*Roppolo*") the membership interest (the "*Property*") of Harold L. Rosbottom, Jr. (the "*Debtor*"), the Debtor's estate and the Debtor's spouse (Leslie F. Rosbottom) in Pierremont Plaza, L.L.C. (the "*Company*") for the amount of **$430,092.60**, provided, however, that the sale is conditioned upon the (i) Company holding funds in an amount not less than $125,000, (ii) turnover by the Trustee of all corporate records kept in the ordinary course of business of the Company, (iii) the Company's payment of property taxes for 2009 and (iv) the Company's payment of December 2009 And January 2010 mortgage payments to Bancorp South.

8.

The sale of the property ("*Sale*"), upon closing: (i) shall be a legal, valid and effective transfer of the Property, and (ii) shall vest Roppolo with all right, title, and interest of the bankruptcy estate of the Debtor in and to the Property free and clear of all (a) mortgages, security interests, privileges, conditional sale or other title retention agreements, pledges, liens, judgments, demands, encumbrances, easements, restrictions or charges of any kind or nature, if any, including, but not limited to, any restriction on the use, voting, transfer, receipt of income or

-3-

09-11674 - #936  File 03/17/10  Enter 03/17/10 14:08:13  Main Document  Pg 3 of 6

other exercise of any attributes of ownership (the foregoing collectively referred to herein as "***Liens***") and all (b) debts arising in any way in connection with any acts of the Debtor, claims (as that term is defined in the Bankruptcy Code), obligations, demands, guarantees, options, rights, contractual commitments, executory contracts, unexpired leases, employment agreements, restrictions, rights of lesion beyond moiety, tort claims, product liability claims, interests and matters of any kind and nature, whether arising prior to or subsequent to the commencement of this case, and whether imposed by agreement, understanding, law, equity or otherwise (the foregoing collectively referred to as "***Claims***" herein).

9.

The Property is to be transferred to Roppolo under and pursuant to the Second Sale Order to be issued upon these Findings and Conclusions, and shall be transferred free and clear of all Liens and Claims of any kind or nature, except as otherwise expressly provided by the terms of the Second Sale Order to be issued hereupon.

10.

The Court further finds that all transactions and instruments contemplated under the terms of the Sale shall be specifically enforceable against and binding upon, and not subject to rejection or avoidance by the Estate, the Trustee, creditors of the Estate, and/or any other parties in interest, and any successors of the Estate, including any subsequent trustee appointed in any subsequent or converted case of the Debtor under Chapter 7 of the Bankruptcy Code.

11.

The Court further finds (i) that the Second Sale Order shall be immediately effective and executory upon entry on the docket of the record of this case, and that the ten (10) day stay provided by FED. R. BANKR. PROC. 6004(h) shall be abrogated and waived by the Second Sale

-4-

Order, so as to allow the Trustee and Roppolo to proceed immediately to effectuate the closing and transfers contemplated by and within the Second Sale Motion and the Second Sale Order, (ii) that unless the Second Sale Order shall be stayed by means of an order issued by a Court with authority to stay the effectiveness of the Second Sale Order, the closing of the Sale shall be concluded within the deadline established by the parties, and (iii) that nothing in the Second Sale Order shall affect any of rights of Roppolo or the bankruptcy estate except as specifically set forth therein.

12.

As found in connection with the First Sale Order, the Trustee and Roppolo are found to be in good faith, and are thereby entitled to the protections afforded by section 363(m) of the bankruptcy code.

13.

The Court has expressly authorized the submission of these Findings and Conclusions by counsel for the Trustee, has independently reviewed these Findings and Conclusions and has determined that they should be issued to supplement any oral findings upon which the First Sale Order was issued.

14.

The Court has further expressly authorized the submission of the Second Sale Order by counsel for the Trustee.

15.

The Court finds and concludes that it should retain jurisdiction to hear and determine all matters arising from or related to the Sale, and the documents executed and delivered in connection with the Sale and the Second Sale Order.

16.

In light of these Findings and Conclusions, the Court determines that the Trustee should be authorized, pursuant to 11 U.S.C. §§ 363(b), 363(f), 363(m) and 362, (i) to execute and deliver, to perform under, and to consummate and implement the terms of the Sale, pursuant to the terms of the Second Sale Motion, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the Sale, and (ii) to take all further actions as may reasonably be requested by Roppolo for the purpose of assigning, transferring, granting, conveying and conferring the Property to the Roppolo as may be necessary or appropriate to the performance of the obligations contemplated by the Sale.

17.

The Sale shall be "AS IS," without any warranty of any kind or nature even as to title and/or return of all or any part of the purchase price.

# # #

**FINDINGS AND CONCLUSIONS PREPARED AND SUBMITTED BY:**

/s/ Louis M. Phillips
Louis M. Phillips, Bar No. 10505
Gordan, Arata, McCollam, Duplantis & Eagan LLP
One American Place
301 Main Street, Suite 1600
Baton Rouge, Louisiana 70801-1916
ATTORNEY FOR GERALD H. SCHIFF, TRUSTEE

**APPROVED AS TO FORM AND CONTENT BY:**

| /s/ John S. Hodge | /s/ David S. Rubin |
|---|---|
| John S. Hodge, Bar No. 18951 | David S. Rubin, Bar No. 11525 |
| Wiener, Weiss & Madison, P.C. | Kantrow, Spaht Weaver & Blitzer (APLC) |
| P.O. Box 21990 | P.O. Box 2997 |
| Shreveport, Louisiana 71120-1990 | Baton Rouge, Louisiana 70821-2997 |
| ATTORNEY FOR NICHOLAS J. ROPPOLO | ATTORNEY FOR LESLIE F. ROSBOTTOM |