**SO ORDERED.**

**SIGNED August 19, 2010.**

_____
STEPHEN V. CALLAWAY
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 09-11674 |
| HAROLD L. ROSBOTTOM, JR.<br>DEBTOR | CHAPTER 11 |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW SUPPORTING ISSUANCE OF ORDER APPROVING SALE OF MEMBERSHIP INTEREST IN NEW MEXICO GAMING, LLC AND GAMING SOLUTIONS, LLC (NEW MEXICO) AT PRIVATE SALE FREE AND CLEAR OF LIENS, ENCUMBRANCES AND INTERESTS**

Considering the MOTION FOR ORDER AUTHORIZING THE SALE OF DEBTOR'S/ESTATE'S MEMBERSHIP INTERESTS IN NEW MEXICO GAMING, LLC AND GAMING SOLUTIONS, LLC (New Mexico) FREE AND CLEAR OF LIENS, ENCUMBRANCES AND INTERESTS (the "*Sale Motion*") (Docket Entry #1109), the Court issues these FINDINGS OF FACT AND CONCLUSIONS OF LAW SUPPORTING ISSUANCE OF ORDER APPROVING SALE OF MEMBERSHIP INTEREST IN NEW MEXICO GAMING, LLC AND GAMING SOLUTIONS, LLC (NEW MEXICO) AT

-1-

PRIVATE SALE FREE AND CLEAR OF LIENS, ENCUMBRANCES AND INTERESTS ("***Findings and Conclusions***"), as follows;

1.

This Court has jurisdiction and authority to hear and determine the Sale Motion pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(A) and (N). Venue of this case in this district is proper under 28 U.S.C. § 1409. The statutory predicate for the relief sought herein is Section 363 of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 2002 and 6004.

2.

Notice of the Sale Motion was proper and parties in interest have received appropriate opportunity to present objections and/or responses to the Court.

3.

The Trustee has determined to close the sale of the estate's Membership Units in Gaming and Solutions to the Purchasers[1] in accordance with the Sale Documents and in conformity with the Sale Order submitted in connection with the Sale Motion.

4.

The Court approves the Sale Motion as being in the best interests of the creditors and the estate, hereby adopting the assertions by the Trustee made within the Sale Motion as its findings with respect to the sale prices attributable to the Membership Units in Gaming and Solutions, and the propriety of the Trustee's business judgment in agreeing to the Sale and terms of the Sale Documents:

> The financial statement as of year end shows an EBITDA figure of $805,281. A multiplier of 4 yields $3,221,124, which, when multiplied by .38 yields the share attributable to the HLR interest to be $1,224,027. I recognize that in prior communications the subject of deducting a 38% share of long term debt was discussed. We do not share the assumption that such a deduction is a necessary

---

[1] Capitalized terms not defined herein shall have the same meaning as in the Sale Motion.

component of pricing the HLR interest. We are suggesting the utilization of 2009 trailing EBITDA as the benchmark (as you know-perhaps in anticipation of a buyout-we have not received any distributions so far in 2010). Therefore, post buyout, the purchaser will have the full interest attributable to the debt as of January 1, 2010. We would agree that if we received any distributions in 2010 a credit would be given, but as the enterprise owes the debt, and as the purchaser would have the full interest from which the share of debt could be paid going forward, we do not assume the debt attributable to the share should be deducted.

We also note that using a trailing EBITDA base line cuts off consideration of business growth. For example, EBITDA grew by $185,375 between 2008 year end and 2009 year end (19.75%).

Putting this together, and adding in the recognition that (i) we will need to bring this matter before the court for approval, (ii) agreement to the operating valuation approach would generate additional costs that would be deducted from everyone's value, (iii) the inherent costs associated with a dispute regarding the enforceability of the operating agreement terms compelling sale and valuation method, (iv) the fact that the purchaser will be receiving an interest sufficient to cause full control of the operations of New Mexico Gaming, (v) the facts that we do not want to engage in dispute and your group has been very up front and patient in not generating a dispute, and (vi) our approach to non-deductibility of the long term debt is disputed, we propose that your group purchase the ownership interest of HLR for the cash price of $1,175,000. At this figure we will have met partially the notion that the long term debt should be deducted and provided recognition of the costs inherent in disputed resolution. Please note that this offer is conditioned upon approval of the Bankruptcy Court, of which we would be prepared to request expeditiously.

5.

Although Section 363 of the Bankruptcy Code does not set a standard for determining when it is appropriate for a court to authorize the sale or disposition of a debtor's assets, the Fifth Circuit Court of Appeals, in construing this provision, has required that it be based upon the sound business judgment of the debtor. *In re Continental Airlines, Inc.*, 780 F. 2d 1223 (5th Cir. 1986), *In re Braniff Airways, Inc.*, 700 F.2d 935 (5th Cir. 1983).

6.

When a Trustee proposes to sell its business assets pursuant to Section 363(b) of the Bankruptcy Code, the bankruptcy court can consider several factors in determining whether to approve the sale, including: (i) whether a sound business reason exists for the proposed transaction; (ii) whether fair and reasonable consideration is provided; (iii) whether a transaction has been proposed and negotiated in good faith; (iv) the proportionate value of the asset to the estate as a whole; (v) the proceeds to be obtained from the disposition vis-à-vis any appraisals of the property; and (vi) whether the asset is increasing or decreasing in value. See *Continental Airlines*, 780 F.2d at 1226; See also, *Committee of Equity Security Holders v. Lionel Corp. (In re: Lionel Corp.)*, 722 F.2d 1063, 1071 (2nd Cir. 1983). The court concludes that the Sale should be approved as an exercise of the sound business judgment of the Trustee.

7.

The Debtor's spouse in community has consented to the sale made subject of the Sale Motion, has waived any right of first refusal under section 363(i), and has approved the form of the Sale Order.

8.

Gerald H. Schiff (the "*Trustee*") shall be and is hereby authorized to sell to Purchasers the Membership Units in Gaming and Solutions (the "*Property*") of Harold L. Rosbottom, Jr. (the "*Debtor*"), the Debtor's estate and the Debtor's spouse (Leslie F. Rosbottom) in accordance with and subject to (i) the Sale Documents, and (ii) the Sale Order submitted by the Trustee (with consent) that will be issued by the Court.

9.

The sale of the property ("*Sale*"), upon closing: (i) shall be a legal, valid and effective transfer of the Membership Units, and (ii) shall vest Purchasers with all right, title, and interest

of the bankruptcy estate of the Debtor in and to the Membership Units free and clear of all (a) mortgages, security interests, privileges, conditional sale or other title retention agreements, pledges, liens, judgments, demands, encumbrances, easements, restrictions or charges of any kind or nature, if any, including, but not limited to, any restriction on the use, voting, transfer, receipt of income or other exercise of any attributes of ownership (the foregoing collectively referred to herein as "*Liens*") and all (b) debts arising in any way in connection with any acts of the Debtor, claims (as that term is defined in the Bankruptcy Code), obligations, demands, guaranties, options, rights, contractual commitments, executory contracts, unexpired leases, employment agreements, restrictions, rights of lesion beyond moiety, tort claims, product liability claims, interests and matters of any kind and nature, whether arising prior to or subsequent to the commencement of this case, and whether imposed by agreement, understanding, law, equity or otherwise (the foregoing collectively referred to as "*Claims*" herein).

10.

The Membership Units are to be transferred to Purchasers under and pursuant to the Sale Order, and shall be transferred free and clear of all Liens and Claims of any kind or nature, except as otherwise expressly provided by the terms of the Sale Order. In the event such Liens or Claims would and/or do encumber the Membership Units, such Liens and/or Claims will attach to the proceeds of the Sale.

11.

The Court further finds that all transactions and instruments contemplated under the terms of the Sale shall be specifically enforceable against and binding upon, and not subject to rejection or avoidance by the Estate, the Trustee, creditors of the Estate, and/or any other parties

in interest, and any successors of the Estate, including any subsequent trustee appointed in any subsequent or converted case of the Debtor under Chapter 7 of the Bankruptcy Code.

12.

The Court further finds (i) that the Sale Order shall be immediately effective and executory upon entry on the docket of the record of this case, and that the fourteen (14) day stay provided by FED. R. BANKR. PROC. 6004(h) shall be abrogated and waived by the Sale Order, so as to allow the Trustee and Purchasers to proceed immediately to effectuate the closing and transfers contemplated by and within the Sale Motion and the Sale Order, (ii) that unless the Sale Order shall be stayed by means of an order issued by a court with authority to stay the effectiveness of the Sale Order, the closing of the Sale shall be concluded within the deadline established by the parties, and (iii) that nothing in the Sale Order shall affect any of rights of Purchasers or the Estate except as specifically set forth therein.

13.

The Trustee and Purchasers are found to be in good faith, and are thereby entitled to the protections afforded by section 363(m) of the bankruptcy code.

14.

The Trustee should be authorized, pursuant to 11 U.S.C. §§ 363(b), 363(f), 363(m) and 362, (i) to execute and deliver, to perform under, and to consummate and implement the terms of the Sale, pursuant to the terms of the Sale Motion, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the Sale, (ii) to take all further actions as may reasonably be requested by Purchasers for the purpose of assigning, transferring, granting, conveying and conferring the Membership Units to the Purchasers as may be necessary or appropriate to the performance of the obligations contemplated by the Sale, and

(iii) to execute any and all documents on behalf of the estate or affiliated third parties to effectuate the terms and conditions of the Sale Documents.

15.

The Court has expressly authorized the submission of these Findings and Conclusions by counsel for the Trustee, has independently reviewed these Findings and Conclusions and has determined that they should be issued to supplement any oral findings made by the Court at hearing upon the Sale Motion.

16.

The Court finds and concludes that it should retain jurisdiction to hear and determine all matters arising from or related to the Sale, the Sale Documents and any documents executed and delivered in connection with the Sale and the Sale Order.

17.

Upon the consummation of the transactions contemplated and approved by this Sale Order, the Trustee and Debtor shall no longer be a member, manager or agent of the Purchasers.

18.

In light of these Findings and Conclusions, the Court determines that the Trustee should be authorized, pursuant to 11 U.S.C. §§ 363(b), 363(f), 363(m) and 362, (i) to execute and deliver, to perform under, and to consummate and implement the terms of the Sale, pursuant to the terms of the Sale Motion, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the Sale, and (ii) to take all further actions as may reasonably be requested by Purchasers for the purpose of assigning, transferring, granting, conveying and conferring the Membership Units to the Purchasers as may be necessary or appropriate to the performance of the obligations contemplated by the Sale. The Court further

authorizes and directs the Purchasers to perform in accordance with the Sale Documents and the Sale Order.

19.

The Sale shall be "AS IS," without any warranty of any kind or nature even as to title and/or return of all or any part of the purchase price.

# # # #

**FINDINGS AND CONCLUSIONS PREPARED AND SUBMITTED BY:**

/s/ Louis M. Phillips
Louis M. Phillips, Bar No. 10505
Gordan, Arata, McCollam, Duplantis & Eagan LLP
One American Place
301 Main Street, Suite 1600
Baton Rouge, Louisiana 70801-1916
*ATTORNEY FOR GERALD H. SCHIFF, TRUSTEE*

**FINDINGS AND CONCLUSIONS APPROVED AS TO FORM AND SUBSTANCE BY**:

/s/ R. Joseph Naus
R. Joseph Naus   (#17074)
**WIENER, WEISS & MADISON**
A Professional Corporation
333 Texas Street, Ste. 2350
P. O. Box 21990
Shreveport, Louisiana  71120-1990
318-226-9100
318-424-5128, facsimile

AND

/s/ David S. Rubin
David S. Rubin   (#11525)
**KANTROW, SPAHT, WEAVER & BLITZER**
A Professional Law Corporation
445 North Boulevard, Suite 300 (70802)
P.O. Box 2997
Baton Rouge, LA  70821-2997

-8-

225-383-4703
225-343-0630, facsimile
***ATTORNEYS FOR LESLIE F. ROSBOTTOM***

*/s/* Paul Douglas Stewart, Jr.
Paul Douglas Stewart, Jr. (La. #24661)
***STEWART ROBBINS & BROWN, LLC***
P. O. Box 66498
Baton Rouge, LA 70896-6498
(225) 231-9998 Telephone
(225) 709-9467 Fax
***ATTORNEYS FOR HAROLD L. ROSBOTTOM, JR.***

**NEW MEXICO GAMING, LLC**
/s/ Derrol Hubbard
By: Derrol Hubbard, Manager

**GAMING SOLUTIONS, LLC (New Mexico)**
/s/ Derrol Hubbard
By: Derrol Hubbard, Manager