**SO ORDERED.**

**SIGNED August 19, 2010.**



_____
**STEPHEN V. CALLAWAY
UNITED STATES BANKRUPTCY JUDGE**
_____

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 09-11674 |
| HAROLD L. ROSBOTTOM, JR., | CHAPTER 11 |
| DEBTOR | JUDGE STEPHEN V. CALLAWAY |

**FINDINGS OF FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER AUTHORIZING SALE OF ESTATE'S MEMBERSHIP INTERESTS IN BRAZOS LAND & CATTLE, LTD. CO., A NEW MEXICO LIMITED LIABILITY COMPANY, FREE AND CLEAR OF LIENS, ENCUMBRANCES, AND INTERESTS**

**CONSIDERING** the MOTION FOR ORDER AUTHORIZING SALE OF ESTATE'S MEMBERSHIP INTERESTS IN BRAZOS LAND & CATTLE, LTD. CO., A NEW MEXICO LIMITED LIABILITY COMPANY, FREE AND CLEAR OF LIENS, ENCUMBRANCES, AND INTERESTS (Doc. #1116), to Turner Windham, L.L.C., a Louisiana limited liability company ("*Turner Windham*"), Free and Clear of Liens, Encumbrances, and Interests Pursuant to 11 U.S.C. § 363 (the "*Brazos Sale Motion*") filed by Gerald H. Schiff ("*Trustee*"), in his capacity as the Chapter 11 Trustee for the bankruptcy estate (the "*Estate*") of Harold L. Rosbottom, Jr. ("*Rosbottom*" or "*Debtor*"), the Court issues these Finding of Facts and

Conclusions of Law in Support of the Order Authorizing Sale of Estate's Membership Interests in Brazos Land & Cattle, Ltd. Co., a New Mexico Limited Liability Company, Free and Clear of Liens, Encumbrances, and Interests ("*Findings and Conclusions*"), as follows:

1. This Court has jurisdiction and authority to hear and determine the Brazos Sale Motion pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(A) and (N);

2. Venue is proper under 28 U.S.C. § 1409;

3. The statutory predicate for the relief sought in the Brazos Sale Motion is 11 U.S.C. § 363 and FED. R. BANKR. PROC. 2002 and 6004.

4. Notice of the Brazos Sale Motion was proper and parties-in-interest have received appropriate opportunity to present objections and/or responses to the Court.

5. Trustee has determined to close the sale of the Estate's membership interest in Brazos to Turner Windham in accordance with and in conformity with the Sale Order submitted in connection with the Brazos Sale Motion.

6. The Court approves the Brazos Sale Motion as being in the best interests of the creditors and the Estate, hereby adopting the assertions by Trustee made within the Brazos Sale Motion as its findings with respect to the sale prices attributable to the membership interest in Brazos Land & Cattle, Ltd. Co. ("*Brazos*"), and the propriety of Trustee's business judgment in agreeing to the sale, as follows:

    a. Brazos is a limited liability company organized under the laws of the State of New Mexico;

    b. The membership interests of Brazos are equally divided among John S. Turner, Jr. ("*Turner*"), William C. Windham ("*Windham*"), Rosbottom, and the Estate of John V. Dietz;

c. Brazos owns a ranch on approximately 3,205 acres with a house and a barn in rural New Mexico;

d. Brazos was formed to sell vacation ranches in rural New Mexico;

e. However, due to the remote location of the acreage and the economic downturn since 2008, there have been no ranch sales since 2007;

f. Brazos is not income producing;

g. Turner Windham is a Louisiana limited liability company, whose members are Turner and Windham;

h. On or about May 17, 2010, Turner Windham initiated communications with Trustee regarding the purchase of the Estate's interest in Brazos;

i. Turner Windham valued the Estate's 25% interest in Brazos at $500,000. Turner Windham estimated the value of the land owned by Brazos to be $970-1,360 per acre (or an average of $1,200 per acre) based upon an April 2010 appraisal by J. Kegel & Associates, L.L.C., and then discounted the Estate's interest by 60% to account for the Estate's minority position. Further, Turner Windham agreed to assume Rosbottom's responsibility for a $300,000 capital call in the Fall of 2009 ($75,000);

j. Turner Windham offered to acquire the Estate's interest in Brazos for $500,000 in cash, plus the assumption of $75,000 attributable to Rosbottom's portion of the Fall 2009 capital call;

k. Trustee, however, believed this price to be too low;

l. Based upon a March 2008 appraisal by Riley & Associates, Trustee valued the land at approximately $1,300 per acre, and then discounted the Estate's interest by 10% to account for the Estate's minority position;

m. Trustee then offered to reduce his offer by $125,000, the amount of Fall 2009 capital call and a $50,000 capital call in July 2010 which Rosbottom had not paid;

n. This resulted in a net counter offer of $775,000;

o. Through further arm's length negotiations, Trustee and Turner Windham have reached an agreement whereby Trustee agreed to sell and Turner Windham agreed to purchase the Estate's 25% interest in Brazos for $626,000 cash and Turner Windham's assumption of $125,000 for Rosbottom's two unpaid capital calls. This amount was reached by agreeing to value the land owned by Brazos at approximately $1,250 per acre, divided by the Estate's 25% interest in Brazos, and then discounting by 25% for the minority position;

p. Trustee believes that he has explored all alternatives to a sale of the Estate's membership interests in Brazos, other than engaging an independent broker to market the membership interests;

q. In an effort to determine the value of the Estate's membership interest in Brazos, Trustee reviewed two written appraisals (*i.e.*, the J. Kegel & Associates and Riley & Associates appraisals), consulted with counsel, and consulted with realtors in Shreveport regarding the proper discount for the minority interest in Brazos;

r. Trustee submits that he has obtained a price higher than being offered to Rosbottom prior to the appointment of Trustee;

s. Trustee submits that ample authority and justification exist for the approval of the proposed transaction; and

t. Trustee submits and the Court agrees that the decision to sell as advanced herein is within the sound business judgment of Trustee given (i) the restrictions imposed on the transferability of limited liability company membership interests under Article 4.16 (dealing with mandatory buy/sell rights and the mechanics of achieving compelled sale price) and Article 6 (dealing with the right of first refusal and mechanics for obtaining a valuation of an interest proposed to be sold) of the Brazos operating agreement and applicable law, (ii) the possible cost inherent in marketing the Estate's interest in Brazos while at the same time dealing with the issue of the extent to which the restrictions upon transfer are enforceable against the debtor or the estate, and (iii) the fact the Estate's interest is a minority interest.

7. Although 11 U.S.C. § 363 does not set a standard for determining when it is appropriate for a court to authorize the sale or disposition of a debtor's assets, the Fifth Circuit Court of Appeals, in construing this provision, has required that it be based upon the sound business judgment of the debtor. *In re Continental Airlines, Inc.*, 780 F. 2d 1223 (5th Cir. 1986); *In re Braniff Airways, Inc.*, 700 F.2d 935 (5th Cir. 1983).

8. When a trustee proposes to sell its business assets pursuant to 11 U.S.C. § 363(b), the bankruptcy court can consider several factors in determining whether to approve the sale, including: (i) whether a sound business reason exists for the proposed transaction; (ii)

FINDINGS AND CONCLUSIONS

whether fair and reasonable consideration is provided; (iii) whether a transaction has been proposed and negotiated in good faith; (iv) the proportionate value of the asset to the estate as a whole; (v) the proceeds to be obtained from the disposition vis-à-vis any appraisals of the property; and (vi) whether the asset is increasing or decreasing in value. *See*, *Continental Airlines*, 780 F.2d at 1226. *See also*, *Comm. of Equity Sec. Holders v. Lionel Corp. (In re: Lionel Corp.)*, 722 F.2d 1063, 1071 (2$^d$ Cir. 1983).

9. The court concludes that the Sale should be approved as an exercise of the sound business judgment of Trustee.

10. Debtor's spouse in community has consented to the sale made subject of the Brazos Sale Motion, has waived any right of first refusal under 11 U.S.C. § 363(i), and has approved the form of the Sale Order.

11. Trustee shall be and is hereby authorized to sell to Turner Windham the Estate's 25% membership interest in Brazos in accordance with and subject to the Sale Order submitted by Trustee (with consent) that will be issued by the Court.

12. The sale of the Estate's membership interests in Brazos (the "***Property***"), upon closing, (i) shall be a legal, valid and effective transfer of the Property, and (ii) shall vest Turner Windham with all right, title, and interest of the Estate in and to the Property free and clear of all (a) mortgages, security interests, privileges, conditional sale or other title retention agreements, pledges, liens, judgments, demands, encumbrances, easements, restrictions or charges of any kind or nature, if any, including, but not limited to, any restriction on the use, voting, transfer, receipt of income or other exercise of any attributes of ownership (the foregoing collectively referred to herein as "***Liens***") and all (b) debts arising in any way in connection with any acts of the Debtor, claims (as that

term is defined in the Bankruptcy Code), obligations, demands, guarantees, options, rights, contractual commitments, executory contracts, unexpired leases, employment agreements, restrictions, rights of lesion beyond moiety, co-owner, community property or other spousal rights, tort claims, product liability claims, interests and matters of any kind and nature, whether arising prior to or subsequent to the commencement of this case, and whether imposed by agreement, understanding, law, equity or otherwise (the foregoing collectively referred to as "*Claims*" herein).

13. The Property is to be transferred to Turner Windham under and pursuant to this Sale Order, and shall be transferred free and clear of all Liens and Claims of any kind or nature, except as otherwise expressly provided by the terms of the Sale Order.

14. Trustee has not discovered any Liens or Claims that would encumber the Property, but in the event there are such Liens or Claims such will attach to the proceeds of the Sale.

15. The Court further finds that all transactions and instruments contemplated under the terms of the Sale shall be specifically enforceable against and binding upon, and not subject to rejection or avoidance by the Estate, Trustee, creditors of the Estate, and/or any other parties-in-interest, and any successors of the Estate, including any subsequent trustee appointed in any subsequent or converted case of Debtor under Chapter 7 of the Bankruptcy Code.

16. The Court further finds (i) that the Sale Order shall be immediately effective and executory upon entry on the docket of the record of this case, and that the fourteen (14) day stay provided by FED. R. BANKR. PROC. 6004(h) shall be abrogated and waived by the Sale Order, so as to allow Trustee and Turner Windham to proceed immediately to effectuate the closing and transfers contemplated by and within the Sale Motion and the

Sale Order, (ii) that unless the Sale Order shall be stayed by means of an order issued by a court with authority to stay the effectiveness of the Sale Order, the closing of the Sale shall be concluded within the deadline established by the parties, and (iii) that nothing in the Sale Order shall affect any of rights of Turner Windham or the Estate except as specifically set forth therein.

17. Trustee and Turner Windham are found to be in good faith, and are thereby entitled to the protections afforded by 11 U.S.C. § 363(m).

18. Trustee is authorized, pursuant to 11 U.S.C. §§ 363(b), 363(f), 363(m), and 362, (i) to execute and deliver, to perform under, and to consummate and implement the terms of the Sale, pursuant to the terms of the Sale Motion, together with any and all additional instruments and documents that may be reasonably necessary or desirable to implement the Sale, (ii) to take all further actions as may reasonably be requested by Turner Windham for the purpose of assigning, transferring, granting, conveying and conferring the Property to Turner Windham as may be necessary or appropriate to the performance of the obligations contemplated by the Sale, and (iii) to execute any and all documents on behalf of the Estate or affiliated third parties to effectuate the terms and conditions of the Sale.

19. The parties have agreed to execute mutual releases, and notwithstanding the releases to be executed, the Court finds: (i) that Trustee, the Estate, Debtor, and affiliates of Debtor, will be deemed to be released by Turner Windham and Brazos (as well as the owners of Turner Windham) and (ii) Turner Windham and Brazos (as well as the owners of Turner Windham) will be deemed released by Trustee, Estate, and Debtor upon entry of the Sale Order from and against any and all claims, duties, obligations, entitlements or other

Page 8 of 11
FINDINGS AND CONCLUSIONS

09-11674 - #1158  File 08/19/10  Enter 08/19/10 13:50:31  Main Document  Pg 8 of 11

burdens of whatever type or description, at any time through the date of the Sale Order arising out of the ownership, operation or management of Brazos, except that all parties, shall retain the right to enforce the terms of the Sale Order.

20. The Court has expressly authorized the submission of these Findings and Conclusions by counsel for the Trustee, has independently reviewed these Findings and Conclusions and has determined that they should be issued to supplement any oral findings made by the Court at hearing upon the Brazos Sale Motion.

21. The Court finds and concludes that it should retain jurisdiction to hear and determine all matters arising from or related to the Sale, any documents executed and delivered in connection with the Sale and the Sale Order.

22. Upon the consummation of the transactions contemplated and approved by this Sale Order, Trustee and Debtor shall no longer be a member, manager, or agent of Brazos; and

23. The Sale shall be "AS IS," without any warranty of any kind or nature even as to title and/or return of all or any part of the purchase price.

# # #

Findings and conclusions prepared and submitted by:

By: */s/* Louis M. Phillips

Louis M. Phillips (La. Bar No. 10505)
Peter A. Kopfinger (La. Bar No. 20904)
Ryan J. Richmond (La. Bar No. 30688)

GORDON, ARATA, MCCOLLAM,
 DUPLANTIS & EAGAN, L.L.P.
One American Place
301 Main Street, Suite 1600
Baton Rouge, LA 70801-1916
Phone: (225) 381-9643
Facsimile: (225) 336-9763

Email: lphillips@gordonarata.com
Email: pkopfinger@gordonarata.com
Email: rrichmond@gordonarta.com

-AND-

Samuel E. Masur (La. Bar No. 01221)

GORDON, ARATA, MCCOLLAM,
 DUPLANTIS & EAGAN, L.L.P.
400 E. Kaliste Saloom Road, Suite 4200
Lafayette, LA 70598-1829
Telephone: (337) 237-0132
Facsimile: (337) 237-3451
Email: smasur@gordonarata.com

*Attorneys for Gerald H. Schiff,
Chapter 11 Trustee*

**ORDER APPROVED AS TO FORM AND SUBSTANCE BY**:

*/s/* R. Joseph Naus
R. Joseph Naus   (#17074)
**WIENER, WEISS & MADISON**
A Professional Corporation
333 Texas Street, Ste. 2350
P. O. Box 21990
Shreveport, Louisiana  71120-1990
318-226-9100
318-424-5128, facsimile
    -AND-

*/s/* David S. Rubin
David S. Rubin   (#11525)
**KANTROW, SPAHT, WEAVER & BLITZER**
A Professional Law Corporation
445 North Boulevard, Suite 300 (70802)
P.O. Box 2997
Baton Rouge, LA  70821-2997
225-383-4703
225-343-0630, facsimile
***ATTORNEYS FOR LESLIE F. ROSBOTTOM, ORIGINAL PLAINTIFF***

-AND-

*/s/* <u>Paul Douglas Stewart, Jr.</u>
Paul Douglas Stewart, Jr. (La. #24661)
***STEWART ROBBINS & BROWN, LLC***
P. O. Box 66498
Baton Rouge, LA 70896-6498
(225) 231-9998 Telephone
(225) 709-9467 Fax
***ATTORNEYS FOR HAROLD L. ROSBOTTOM, JR.***

**BRAZOS LAND AND CATTLE, LTD. CO.**

/s/ <u>John S. Turner, Jr.</u>
By:  John S. Turner, Jr., Member

/s/ <u>William C. Windham</u>
By:  William C. Windham, Member

/s/ <u>Gerald H. Schiff</u>
By:  Gerald H. Schiff, Chapter 11 Trustee of Bankruptcy Estate of Harold L. Rosbottom, Jr., Member

**TURNER WINDHAM, L.L.C.**

/s/ <u>John S. Turner, Jr.</u>
By:  John S. Turner, Jr., Member

/s/ <u>William C. Windham</u>
By:  William C. Windham, Member