**SO ORDERED.**

**SIGNED August 19, 2010.**



_____
STEPHEN V. CALLAWAY
UNITED STATES BANKRUPTCY JUDGE
_____

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 09-11674 |
| HAROLD L. ROSBOTTOM, JR., | CHAPTER 11 |
| DEBTOR | JUDGE STEPHEN V. CALLAWAY |

**FINDINGS OF FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER AUTHORIZING SALE OF ESTATE'S MEMBERSHIP INTERESTS IN MONKHOUSE, L.L.C., A LOUISIANA LIMITED LIABILITY COMPANY, FREE AND CLEAR OF LIENS, ENCUMBRANCES, AND INTERESTS**

**CONSIDERING** the MOTION FOR ORDER AUTHORIZING SALE OF ESTATE'S MEMBERSHIP INTERESTS IN MONKHOUSE, L.L.C., A LOUISIANA LIMITED LIABILITY COMPANY, FREE AND CLEAR OF LIENS, ENCUMBRANCES, AND INTERESTS (Doc. # 1117), to John S. Turner, Jr. ("*Turner*"), Free and Clear of Liens, Encumbrances, and Interests Pursuant to 11 U.S.C. § 363 (the "*Monkhouse Sale Motion*") filed by Gerald H. Schiff ("*Trustee*"), in his capacity as the Chapter 11 Trustee for the bankruptcy estate (the "*Estate*") of Harold L. Rosbottom, Jr. ("*Rosbottom*" or "*Debtor*"), the Court issues these Finding of Facts and Conclusions of Law in Support of the Order Authorizing Sale of

Estate's Membership Interests in Monkhouse, L.L.C., a New Mexico Limited Liability Company ("***Monkhouse***"), Free and Clear of Liens, Encumbrances, and Interests ("***Findings and Conclusions***"), as follows:

1. This Court has jurisdiction and authority to hear and determine the Monkhouse Sale Motion pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(A) and (N).

2. Venue is proper under 28 U.S.C. § 1409.

3. The statutory predicate for the relief sought in the Monkhouse Sale Motion is 11 U.S.C. § 363 and FED. R. BANKR. PROC. 2002 and 6004.

4. Notice of the Monkhouse Sale Motion was proper and parties-in-interest have received appropriate opportunity to present objections and/or responses to the Court.

5. Trustee has determined to close the sale of the Estate's membership interest in Monkhouse to Turner in accordance with and in conformity with the Sale Order submitted in connection with the Monkhouse Sale Motion.

6. The Court approves the Monkhouse Sale Motion as being in the best interests of the creditors and the Estate, hereby adopting the assertions by Trustee made within the Monkhouse Sale Motion as its findings with respect to the sale prices attributable to the membership interest in Monkhouse, and the propriety of Trustee's business judgment in agreeing to the sale as follows:

    A. Monkhouse is a limited liability company organized under the laws of the State of Louisiana.

    B. The membership interests of Monkhouse are equally divided among Rosbottom and Turner.

C. Monkhouse is an entity that owns one piece of immovable property (approximately 2-2.15 acres) on Monkhouse Drive in Shreveport, LA near Interstate 20.

D. On or about May 17, 2010, Turner initiated communications with Trustee regarding the purchase of the Estate's interest in Monkhouse.

E. Turner offered to purchase the Estate's 50% interest in Monkhouse for $80,000 cash, plus the assumption of Rosbottom's vendor financing obligations of approximately $120,000.

F. Through arm's length negotiations, Trustee and Turner have reached an agreement whereby Trustee has agreed to sell and Turner has agreed to purchase the Estate's 50% interest in Monkhouse for $78,300 in cash and Turner's assumption of Rosbottom's one-half share of unpaid vendor financing obligations of Monkhouse.

G. Further, upon closing, Turner has agreed that at closing of the Sale Monkhouse will convey one-half of Monkhouse's oil, gas, and mineral interests to the Estate.

H. Trustee believes that he has explored all alternatives to a sale of the Estate's membership interests in Monkhouse, other than engaging an independent broker to market the membership interests.

I. In an effort to determine the value of the Estate's membership interest in Monkhouse, Trustee has consulted with realtors at Sealy & Dickson, L.L.C. in Shreveport, LA, and with his bankruptcy counsel.

FINDINGS AND CONCLUSIONS

J. After consultation with his advisors, Trustee believes the immovable property owned by Monkhouse to be valued at $208,000 to $224,000.

K. Trustee submits that the decision to sell as advanced herein is within the sound business judgment of Trustee given (i) the restrictions imposed on the transferability of limited liability company membership interests under Article 4.16 (dealing with mandatory buy/sell rights and the mechanics of achieving compelled sale price) and Article 6 (dealing with the right of first refusal and mechanics for obtaining a valuation of an interest proposed to be sold) of the Monkhouse operating agreement and applicable law, (ii) the cost inherent in marketing the Estate's interest in Monkhouse, and (iii) the fact the Estate's interest is a not a controlling interest.

7. Although 11 U.S.C. § 363 does not set a standard for determining when it is appropriate for a court to authorize the sale or disposition of a debtor's assets, the Fifth Circuit Court of Appeals, in construing this provision, has required that it be based upon the sound business judgment of the debtor. *In re Continental Airlines, Inc.*, 780 F. 2d 1223 (5th Cir. 1986); *In re Braniff Airways, Inc.*, 700 F.2d 935 (5th Cir. 1983).

8. When a trustee proposes to sell its business assets pursuant to 11 U.S.C. § 363(b), the bankruptcy court can consider several factors in determining whether to approve the sale, including: (i) whether a sound business reason exists for the proposed transaction; (ii) whether fair and reasonable consideration is provided; (iii) whether a transaction has been proposed and negotiated in good faith; (iv) the proportionate value of the asset to the estate as a whole; (v) the proceeds to be obtained from the disposition vis-à-vis any appraisals of the property; and (vi) whether the asset is increasing or decreasing in value.

*See*, *Continental Airlines*, 780 F.2d at 1226. *See also*, *Comm. of Equity Sec. Holders v. Lionel Corp. (In re: Lionel Corp.)*, 722 F.2d 1063, 1071 (2$^d$ Cir. 1983).

9. The court concludes that the Sale should be approved as an exercise of the sound business judgment of Trustee.

10. Debtor's spouse in community has consented to the sale made subject of the Monkhouse Sale Motion, has waived any right of first refusal under 11 U.S.C. § 363(i), and has approved the form of the Sale Order.

11. Trustee shall be and is hereby authorized to sell to Turner the Estate's 50% membership interest in Monkhouse in accordance with and subject to the Sale Order submitted by Trustee (with consent) that will be issued by the Court.

12. The sale of the Estate's membership interests in Monkhouse (the "***Property***"), upon closing, (i) shall be a legal, valid and effective transfer of the Property, and (ii) shall vest Turner with all right, title, and interest of the Estate in and to the Property free and clear of all (a) mortgages, security interests, privileges, conditional sale or other title retention agreements, pledges, liens, judgments, demands, encumbrances, easements, restrictions or charges of any kind or nature, if any, including, but not limited to, any restriction on the use, voting, transfer, receipt of income or other exercise of any attributes of ownership (the foregoing collectively referred to herein as "***Liens***") and all (b) debts arising in any way in connection with any acts of the Debtor, claims (as that term is defined in the Bankruptcy Code), obligations, demands, guaranties, options, rights, contractual commitments, executory contracts, unexpired leases, employment agreements, restrictions, rights of lesion beyond moiety, co-owner, community property or other spousal rights, tort claims, product liability claims, interests and matters of any

kind and nature, whether arising prior to or subsequent to the commencement of this case, and whether imposed by agreement, understanding, law, equity or otherwise (the foregoing collectively referred to as "*Claims*" herein).

13. The Property is to be transferred to Turner under and pursuant to this Sale Order, and shall be transferred free and clear of all Liens and Claims of any kind or nature, except as otherwise expressly provided by the terms of the Sale Order.

14. Trustee has not discovered any Liens or Claims that would encumber the Property, but in the event there are such Liens or Claims such will attach to the proceeds of the Sale.

15. In the event such Liens or Claims would and/or do encumber the Property, such Liens and/or Claims will attach to the proceeds of the Sale.

16. The Court further finds that all transactions and instruments contemplated under the terms of the Sale shall be specifically enforceable against and binding upon, and not subject to rejection or avoidance by the Estate, Trustee, creditors of the Estate, and/or any other parties-in-interest, and any successors of the Estate, including any subsequent trustee appointed in any subsequent or converted case of Debtor under Chapter 7 of the Bankruptcy Code.

17. The Court further finds (i) that the Sale Order shall be immediately effective and executory upon entry on the docket of the record of this case, and that the fourteen (14) day stay provided by FED. R. BANKR. PROC. 6004(h) shall be abrogated and waived by the Sale Order, so as to allow Trustee and Turner to proceed immediately to effectuate the closing and transfers contemplated by and within the Sale Motion and the Sale Order, (ii) that unless the Sale Order shall be stayed by means of an order issued by a court with authority to stay the effectiveness of the Sale Order, the closing of the Sale shall be

concluded within the deadline established by the parties, and (iii) that nothing in the Sale Order shall affect any of rights of Turner or the Estate except as specifically set forth therein.

18. Trustee and Turner are found to be in good faith, and are thereby entitled to the protections afforded by 11 U.S.C. § 363(m).

19. Trustee is authorized, pursuant to 11 U.S.C. §§ 363(b), 363(f), 363(m), and 362, (i) to execute and deliver, to perform under, and to consummate and implement the terms of the Sale, pursuant to the terms of the Sale Motion, together with any and all additional instruments and documents that may be reasonably necessary or desirable to implement the Sale, (ii) to take all further actions as may reasonably be requested by Turner for the purpose of assigning, transferring, granting, conveying and conferring the Property to Turner as may be necessary or appropriate to the performance of the obligations contemplated by the Sale, and (iii) to execute any and all documents on behalf of the Estate or affiliated third parties to effectuate the terms and conditions of the Sale.

20. The Court has expressly authorized the submission of these Findings and Conclusions by counsel for the Trustee, has independently reviewed these Findings and Conclusions and has determined that they should be issued to supplement any oral findings made by the Court at hearing upon the Monkhouse Sale Motion.

21. The Court finds and concludes that it should retain jurisdiction to hear and determine all matters arising from or related to the Sale, any documents executed and delivered in connection with the Sale and the Sale Order.

22. The parties have agreed to execute mutual releases, and notwithstanding the releases to be executed, the Court finds: (i) that Trustee, the Estate, Debtor, and affiliates of Debtor,

will be deemed to be released by Turner and Monkhouse and (ii) Turner and Monkhouse will be deemed released by Trustee, Estate, and Debtor upon entry of the Sale Order from and against any and all claims, duties, obligations, entitlements or other burdens of whatever type or description, at any time through the date of the Sale Order arising out of the ownership, operation or management of Monkhouse, except that all parties, shall retain the right to enforce the terms of the Sale Order.

23. Upon the consummation of the transactions contemplated and approved by this Sale Order, Trustee and Debtor shall no longer be a member, manager, or agent of Monkhouse; and

24. The Sale shall be "AS IS," without any warranty of any kind or nature even as to title and/or return of all or any part of the purchase price.

# # #

Findings and conclusions prepared and submitted by:

By: */s/* <u>Louis M. Phillips</u>

Louis M. Phillips (La. Bar No. 10505)
Peter A. Kopfinger (La. Bar No. 20904)
Ryan J. Richmond (La. Bar No. 30688)

GORDON, ARATA, MCCOLLAM,
  DUPLANTIS & EAGAN, L.L.P.
One American Place
301 Main Street, Suite 1600
Baton Rouge, LA 70801-1916
Phone: (225) 381-9643
Facsimile: (225) 336-9763
Email: lphillips@gordonarata.com
Email: pkopfinger@gordonarata.com
Email: rrichmond@gordonarta.com

-AND-

Samuel E. Masur (La. Bar No. 01221)

GORDON, ARATA, MCCOLLAM,
   DUPLANTIS & EAGAN, L.L.P.
400 E. Kaliste Saloom Road, Suite 4200
Lafayette, LA 70598-1829
Telephone: (337) 237-0132
Facsimile: (337) 237-3451
Email: smasur@gordonarata.com

*Attorneys for Gerald H. Schiff,
Chapter 11 Trustee*

**FINDINGS AND CONCLUSIONS APPROVED AS TO FORM AND SUBSTANCE BY**:

*/s/* R. Joseph Naus
R. Joseph Naus (#17074)
**WIENER, WEISS & MADISON**
A Professional Corporation
333 Texas Street, Ste. 2350
P. O. Box 21990
Shreveport, Louisiana 71120-1990
318-226-9100
318-424-5128, facsimile
    -AND-

*/s/* David S. Rubin
David S. Rubin (#11525)
**KANTROW, SPAHT, WEAVER & BLITZER**
A Professional Law Corporation
445 North Boulevard, Suite 300 (70802)
P.O. Box 2997
Baton Rouge, LA 70821-2997
225-383-4703
225-343-0630, facsimile
*ATTORNEYS FOR LESLIE F. ROSBOTTOM, ORIGINAL PLAINTIFF*

    -AND-

*/s/* Paul Douglas Stewart, Jr.
Paul Douglas Stewart, Jr. (La. #24661)
*STEWART ROBBINS & BROWN, LLC*
P. O. Box 66498

Baton Rouge, LA
70896-6498
(225) 231-9998 Telephone
(225) 709-9467 Fax
***ATTORNEYS FOR HAROLD L. ROSBOTTOM, JR.***

**MONKHOUSE, L.L.C.**

/s/ John S. Turner, Jr.
By: John S. Turner, Jr., Member

/s/ Gerald H. Schiff
By: Gerald H. Schiff, Chapter 11 Trustee of Bankruptcy Estate of Harold L. Rosbottom, Jr., Member

/s/ John S. Turner, Jr.
By: John S. Turner, Jr.

Page 10 of 10

FINDINGS AND CONCLUSIONS

09-11674 - #1159 File 08/19/10 Enter 08/19/10 13:51:35 Main Document Pg 10 of 10