**SO ORDERED.**

**DONE and SIGNED August 8, 2014.**



_____
STEPHEN V. CALLAWAY
UNITED STATES BANKRUPTCY JUDGE
_____

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| IN RE: | CASE NO. 09-11674 |
|---|---|
| HAROLD L. ROSBOTTOM, JR. | CHAPTER 11 |
| DEBTOR. | JUDGE STEPHEN V. CALLAWAY |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW[1]**

This Court, having reviewed and considered (i) the *Motion (i) for Authority to Enter into Residential Condominium Contract (Resale) Dated May 30, 2014[2], Nunc Pro Tunc to the Execution Date, Related to Certain Encumbered Real Property Located in Dallas, Texas, and (ii) to Sell that Property Free and Clear of Any and All Interests, Pursuant to Sections 363(f) and 363 (m) of the Bankruptcy Code* (the "Sale Motion"), (ii) the record in the case, including the record of the hearing (the "Hearing") on the Sale Motion; (iii) no objections being filed in response to the Sale Motion; (iv) the representations of counsel made at the Hearing; (v) the testimony of the Trustee at the Hearing; (vi) notice of the Hearing on the Sale Motion having been given to all parties to whom

---

[1] Capitalized terms used herein shall have the same meaning ascribed to such words as in the Sale Motion, unless otherwise defined herein.

[2] The Residential Condominium Contract (Resale) (the "PSA") was entered into on May 30, 2014 by and among Trustee and Fred Margolin and Ann Margolin (collectively and individually, "Buyer").

notice was required, including (a) the Office of the United States Trustee; (b) all creditors on the creditor matrix; (c) all relevant federal, state, and local regulatory or taxing authorities; and (d) all known parties asserting interests or liens in the Property (as defined below); and, after due deliberation thereon, the Court hereby makes the following Findings of Fact and Conclusions of Law:

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (N). Venue of the Sale Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief requested in the Sale Motion are Sections 105 and 363 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*, as amended (the "Bankruptcy Code")[3] and Fed. R. Bankr. P. 2002 and 6004, and Local Bankruptcy Rule 9013-1.

2. The legal and factual bases set forth in the Sale Motion and the record establish just cause for the relief requested in the Sale Motion, which is in the best interests of the bankruptcy estate (the "Bankruptcy Estate") of the above-captioned bankruptcy case (the "Bankruptcy Case"), its creditors, and all other parties-in-interest.

3. The sale[4] of the Property by Gerald H. Schiff ("Trustee"), in his capacity as Chapter 11 Trustee of the Bankruptcy Case to Buyer in accordance with the PSA and the Sale Motion is the

---

[3] All references to Sections herein shall be to the Bankruptcy Code unless otherwise designated.

[4] Trustee's sale of the Property to Buyer is referred to herein as (the "Sale").

proper course of action and in the best interests of the Bankruptcy Estate, its creditors, and all other parties-in-interest, for the following non-exclusive reasons: (a) the purchase price of $2,100,000.00 (the "Purchase Price") equals the full appraised value (and thus, the fair market value) of the Property as evidenced by a May 16, 2014 appraisal of the Property; (b) the Purchase Price is the highest and best offer received for the Property after having been fully marketed (in fact, the Purchase Price represents the highest offer Trustee has received for the Property during Trustee's administration of this Bankruptcy Case); (c) the Sale of the Property will pay off the debt owed to Wells Fargo (holder of the Deed of Trust against the Property) and also terminate the significant ongoing holding costs related to the Property, resulting in estimated net sale proceeds to the Bankruptcy Estate of $715,000.

4. The Sale is on an "AS IS," WHERE-AS condition and basis, without any warranty of any kind or nature even as to title (other than the title warranties contained in a special warranty deed), all as more fully set forth in the PSA.

5. Trustee demonstrated good and sufficient business reasons for the relief requested in the Sale Motion and has exercised prudent and reasonable business judgment with respect thereto.

6. The Sale Motion complies with section 363(f) of the Bankruptcy Code as follows: (i) those holders of interests who did not object to the Sale Motion are deemed to have consented to the Sale Motion and the Sale pursuant to Section 363(f)(2), (ii) any those holders of interests with a

consensual or non-consensual lien or encumbrance in and to the Property could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest in accordance with Section 363(f)(5), and (iii) the Sale Charges will be paid at the closing of the Sale.

7.  The Sale, upon closing: (i) is a legal, valid and effective transfer of the Property; and (ii) vests Buyer with all right, title, and interest of the Estate and Leslie Rosbottom (if any) in and to the Property free and clear of any and all interests asserted by or that could have been asserted within that certain adversary proceeding styled *Gerald H. Schiff, Trustee, and Leslie Fox, Plaintiffs v. Harold L Rosbottom, Jr.*, bearing Adversary Proceeding Number 13-01021, pending on the docket of the United States Bankruptcy Court for the Western District of Louisiana, Shreveport Division (the "Adversary Proceeding") by Rosbottom on behalf of himself or any purported real estate trust or other entity ("Interests"), subject to the terms and conditions of the PSA.[5]

8.  Leslie Fox, former wife of Harold L. Rosbottom, Jr., has consented to the relief requested in the Sale Motion and waived and released her right of first refusal under Section 363(i), and has approved the form of the order approving the relief requested in the Sale Motion (the "Sale Order").

9.  Trustee is authorized, pursuant to Sections 363(b), 363(f), and 363(m), to execute and deliver, to perform under, and to consummate and implement the terms of the sale of the

---

[5] This Court rendered a summary judgment in favor of Plaintiff and against Rosbottom in the Adversary Proceeding. Rosbottom appealed the summary judgment and this Court dismissed Rosbottom's appeal for Rosbottom's failure to timely prosecute his appeal.

Property to Buyer, pursuant to the terms of the Sale Motion, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the sale of the Property to Buyer.

10. All entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of fees, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities, who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments that reflect that the Buyer is the purchaser of the Property free and clear of any and all Interests.

11. The entity closing the Sale transaction is authorized to disburse the proceeds from the Sale of the Property in to pay the Sale Charges (as defined in the Sale Motion) accordance with the closing/settlement statement prepared in connection with the sale of the Property to Buyer.

12. Buyer will not assume any liabilities of Rosbottom and that by virtue of the Sale authorized hereby Buyer will not be a successor to the Bankruptcy Estate upon any theory of law or equity, and Buyer shall have no liability for any obligation, Interest of or against or in the Bankruptcy Estate or the Property, Rosbottom or any affiliate of Rosbottom as a result of any application of theories of successor liability.

13. The PSA was negotiated, proposed and entered into by Trustee and Buyer without

collusion, in good faith, and from arm's length bargaining positions. Neither Trustee nor Buyer has engaged in any conduct that would cause or permit the PSA or the Sale to be avoided under Section 363(n).

14. Buyer neither had nor has any connection, affiliation, or relationship with Harold L. Rosbottom, Jr.; (ii) Buyer neither had nor has any connection, affiliation, or relationship with Leslie Fox; (iii) Buyer neither had nor has any connection, affiliation, or relationship with Trustee (other than as a counter party to the PSA); (iv) Buyer neither had nor has any connection, affiliation, or relationship with Judy Pittman, Inc./Judy Pittman (Seller Broker) (other than the indirect connection to Seller Broker in Seller Broker's representation of Seller for the sale of the Property); (v) Buyer is represented in the transaction contemplated by the PSA by Briggs Freeman Sothebys International Realty/Claire Dewar (Buyer Broker); and (vi) Buyer believes that Buyer is offering fair market value for the Property. The Court finds that both Trustee and Buyer have acted in good faith in connection with the PSA and Sale Motion. In the absence of a stay of the effectiveness of the Sale Order, in the event that the Buyer and Trustee consummate the transaction contemplated by the PSA at any time after entry of the Sale Order, then with respect to the transaction approved and authorized by the Sale Order, Buyer, as an arm's length buyer in good faith within the meaning of Section 363(m), is entitled to all of the protections of Section 363(m) in the event the Sale Order or any authorization contained in that order is reversed or modified on appeal.

15. The Court further finds that all transactions and instruments contemplated under the terms of the Sale shall be specifically enforceable against and binding upon, and not subject to rejection or avoidance by the Rosbottom, the Bankruptcy Estate, the Trustee, creditors of the Estate, and/or any other parties in interest, and any successors of the Estate, including any subsequent trustee appointed in any subsequent or converted case of the Debtor under Chapter 7 of the Bankruptcy Code.

16. The Court further finds (i) that the Sale Order shall be immediately effective and executory upon entry on the docket of the record of this case, and that the fourteen (14) day stay provided by Fed. R. Bankr. P. 6004(h) shall be abrogated and waived by the Sale Order, so as to allow the Trustee and Buyer to proceed immediately to effectuate the closing and transfers contemplated by and within the Sale Motion and the Sale Order, (ii) that unless the Sale Order shall be stayed by means of an order issued by a Court with authority to stay the effectiveness of the Sale Order, the closing of the Sale shall be concluded within the deadline established by the parties, and (iii) that nothing in the Sale Order shall affect any of rights of Buyer or the bankruptcy estate except as specifically set forth therein.

17. The Court has expressly authorized the submission of these Findings and Conclusions by counsel for Trustee and Leslie Fox, has independently reviewed these Findings and Conclusions and has determined that they should be issued to supplement any oral findings upon which the Sale Order was issued.

18. The Court finds and concludes that it should retain jurisdiction to hear and determine all matters arising from or related to the Sale, and the documents executed and delivered in connection with the Sale and the Sale Order.

# # #

**FINDINGS AND CONCLUSIONS PREPARED AND SUBMITTED BY:**

**GORDON, ARATA, MCCOLLAM,
DUPLANTIS & EAGAN, LLC**

By: **/s/ Peter A. Kopfinger**
Louis M. Phillips (La. Bar No. 10505)
Peter A. Kopfinger (La. Bar No. 20904)
One American Place
301 Main Street, Suite 1600
Baton Rouge, LA 70801-1916
Phone: (225) 381-9643
Facsimile: (225) 336-9763
Email: lphillips@gordonarata.com
Email: pkopfinger@gordonarata.com

ATTORNEYS FOR GERALD H. SCHIFF,
CHAPTER 11 TRUSTEE

and

By: **/s/** *David S. Rubin (with permission)*

David S. Rubin, Bar No. 11525
KANTROW, SPAHT WEAVER & BLITZER (APLC)
P.O. Box 2997
Baton Rouge, Louisiana 70821-2997

ATTORNEYS FOR LESLIE FOX